

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
**TAWANA C. MARSHALL, CLERK**
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed July 15, 2008            **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FOR WORTH DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| LAWRENCE BEYER, | § | Case No. 07-45172-DML-13 |
| | § | |
| Debtor. | § | |

### **MEMORANDUM OPINION**

Before the court is the Motion to Avoid Judgment Lien Pursuant to Section 522(f)(1)(A) (the "Motion") filed by Lawrence Beyer ("Debtor"), by which Debtor asserts that his homestead exemption is impaired by a judicial lien attached to his residence which may be avoided in accordance with section 522(f)(1)(A) of the Bankruptcy Code (the "Code")[1] and Fed. R. Bankr. P. 4003(d). The court held a hearing on the Motion on May 15, 2008, and heard oral argument from the parties at that time. Thereafter, Kelly Jo Beyer Wilson ("Respondent") filed a response in opposition to the Motion (the "Response").

---

[1] 11 U.S.C. §§ 101 et seq.

MEMORANDUM OPINION – 1

This matter is subject to the court's core jurisdiction. *See* 28 U.S.C. §§ 1334 and 157(b)(2)(K). This memorandum opinion embodies the court's findings of fact and conclusions of law. *See* FED. R. BANKR. P. 9014 and 7052.

## I. Background

The parties have no dispute concerning the facts relevant to the court's determination of the Motion. In May 2006, the District Court of Palo Pinto County, Texas, 29th Judicial District (the "Divorce Court") entered a Final Decree of Divorce (the "Divorce Decree") dissolving the marriage between Debtor and Respondent.

Since Debtor and Respondent have two children together, the Divorce Decree requires Debtor to pay Respondent child support in the amount of $300 per month, starting April 1, 1996, and until the first child reaches the age of 18, becomes married or deceased, or the Divorce Court modifies its order. Thereafter, the Divorce Decree obligates Debtor to pay Respondent child support in the amount of $240 per month for the second child for the same period.

In addition to child support, the Divorce Decree requires the division of the marital estate and, in particular, real property located at 1301 Erwin Road, Poolville, Parker County, Texas (the "Property"). To that end, the Divorce Decree states:

> The Court finds that the community estate has an equitable lien on the real property known as 25.27 acres of land located out of the Manon Mills Survey, Abstract No. 932, Parker County, Texas, and an equitable lien is ORDERED against the land for one-half of the value of said real estate which the Court finds to be $38,905.00. . . .
> The Court finds that the 1987 Honda Civic awarded to [Respondent] herein is the separate property of [Debtor] and has a separate property value of $2,800.00. [Respondent's] equitable lien as described above in the amount of $9,726.00 is ORDERED reduced by the value of the 1987 Honda leaving a balance of $6,926.00, which is ORDERED payable to [Respondent] by [Debtor] in the amount of $250.00 per month plus eight percent (8%) interest per annum on the unpaid principle balance . . . .

Final Decree of Divorce at 21-22.

However, Debtor failed to make timely payments for child support and in connection with the equitable lien (the "Lien"), as ordered by the Divorce Court. As a result, on November 25, 1997, the Divorce Court held Debtor in contempt of court and entered a judgment (the "Judgment") ordering, *inter alia*, that Debtor make a lump-sum payment for the "equitable-lien arrearage" and accrued interest on the Property and for the nonpayment of child support. The Divorce Court also ordered Debtor to transfer title to the Property to Respondent, as security for the arrearages, and authorized Respondent to foreclose on the Property. However, Respondent never filed a certified copy of the Judgment in the real property records in Parker County. Nor did she take any other action to enforce the Judgment.[2]

On November 21, 2007, Debtor filed a voluntary petition for relief under chapter 13 of the Code. Soon after, on December 3, 2007, Debtor filed his schedules, listing his ownership interest in the Property as a "fee simple" interest and the Property as being subject to a homestead exemption.

Debtor then filed the Motion to avoid the Lien pursuant to section 522(f)(1)(A). Respondent later filed the Response, by which she argues that the Lien is unavoidable because it is an "equitable lien," as opposed to a "judicial lien." In the alternative, Respondent contends that the Lien is unavoidable because it secures a domestic support obligation.

## II.    Discussion

---

[2] The court takes judicial notice of the Divorce Decree, the Judgment and Debtor's real property records relating to the Property, all of which were attached to Respondent's claim. FED. R. EVID. 201.

Though Respondent asserts in the Response that she filed a certified copy of the Divorce Decree in the real property records in Palo Pinto County, Texas, state law requires a creditor to file in the county where the property sits to perfect a lien on real property. *See* Tex. Prop. Code § 52.001 (2008). Hence, the fact that Respondent filed a certified copy of the Divorce Decree in Palo Pinto County, Texas is immaterial, given that the Property sits in Parker County, Texas.

MEMORANDUM OPINION – 3

Subject to some exceptions, section 522(f)(1) allows a debtor to avoid certain liens encumbering property that would otherwise be entitled to exempt status. The purpose of the statute is to protect a debtor from the encumbrance of otherwise exempt property on the eve of bankruptcy. H.R. 595, 95th Cong. (1977). In relevant part, section 522(f)(1)(A) states:

> (f)(1) Notwithstanding any waiver of exemption . . . , the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (A) a judicial lien, other than a judicial lien that secures a debt [for domestic support obligations] . . . ."

11 U.S.C. § 522(f)(1)(A) (2008).

As originally enacted, section 522(f)(1) enabled a debtor to avoid a lien awarded to an ex-spouse by a divorce court to effect divisions of marital property. However, in 1991 the Supreme Court in *Farrey v. Sanderfoot*, 500 U.S. 291 (1991), severely curtailed this practice, and then in 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") ended it completely.[3] Now, for a court to order the avoidance of a lien under section 522(f)(1)(A), it must determine that: (1) the lien is a "judicial lien"; (2) the lien impairs an exemption to which the debtor is otherwise entitled; (3) the lien is fixed against the debtor's interest in the property; and (4) the lien does not secure a "domestic support obligation." 11 U.S.C. § 522(f)(1)(A); *see also* 4 COLLIER ON BANKRUPTCY ¶ 522.11 (15th ed. rev. 2007).

In the case at bar, there is no dispute that Debtor is entitled to claim the Property as exempt. The issue therefore is whether the other three elements of the statute have been met, such that Debtor may avoid the Lien.

**A. Is the Lien a Judicial lien?**

---

[3] Section 522(f)(1) was first amended in 1994, when Congress added subdivision (A) to supplement the reach of *Farrey*. H.R. 385, 103d Cong. (1994). BAPCPA further refined the 1994 amendment by adding the term "domestic support obligation" to section 522(f)(1)(A) and defining the term in section 101(14A). 4 COLLIER ON BANKRUPTCY ¶ 522.11[5] (15th ed. rev. 2007).

MEMORANDUM OPINION – 4

Respondent first argues that the Lien granted in the Divorce Decree was not a "judicial lien" but an "equitable lien," which is unavoidable under section 522(f)(1)(A). In support of her argument, Respondent cites Tenth Circuit case law: *Parker v. Donahue (In re Donahue)*, 862 F.2d 259 (10th Cir. 1988), and *Burman v. Leikner (In re Burman)*, 886 F.2d 273 (10th Cir. 1989).

While the court finds the Tenth Circuit's reasoning in those cases sound, it nonetheless concludes that Respondent cites them for the wrong proposition. In *Parker*, Gary Donahue and Linda Parker divorced in August 1982 in Johnson County, Kansas. The divorce decree granted Donahue certain real property and, in return for her prior joint interest in the property, awarded Parker a judgment in the amount of $43,650 plus interest. Approximately two years later, Donahue filed a voluntary petition for relief under chapter 7 of the Code and then claimed the property as exempt under Kansas's homestead law. Later, Donahue filed a motion, asking the bankruptcy court to determine if Parker's claim, which listed her as a secured creditor in the amount of $43,650, was indeed secured and, if so, whether he could avoid the lien under section 522(f). The bankruptcy court held Parker's claim was unsecured based on Parker's failure to perfect the lien interest in the county real property records, pursuant to Kansas law. Acting in its appellate capacity, the district court affirmed the bankruptcy court's ruling. On appeal, the Tenth Circuit ultimately held that Parker's claim was secured because the divorce decree itself "created an equitable mortgage in Parker's favor." *Parker*, 862 F.2d at 266. Nevertheless, with respect to whether Donahue could avoid the lien under section 522(f), the Tenth Circuit held that such an issue is "appropriately addressed in the first instance to the bankruptcy court." *Id*. In other words, the Tenth Circuit in *Parker* never decided whether an equitable lien could be avoided pursuant to section 522(f)(1)(A), as Respondent suggests.

In *Burman*, Delbert Burman and Donna Leikner divorced in July 1981. The modified divorce decree provided that Leikner would live on certain real property—in which the Burman and Leikner previously held a joint interest—until Burman paid Leikner the sum of $19,640.67. Once Leikner received the payment in full, the modified decree stated that Burman would have a fee simple ownership interest in the property. Yet, when the cash settlement was due, Burman filed a petition for bankruptcy. Soon thereafter, he listed the property in his schedules as exempt under the Kansas Homestead Exemption Statute and filed a motion to avoid the lien pursuant to section 522(f)(1)(A). The bankruptcy court granted the motion. The district court affirmed. On appeal to the Tenth Circuit, the Court ruled that the bankruptcy court erred in avoiding the lien. In coming to this conclusion, the Tenth Circuit reasoned that the decree clearly intended the real property to be a source from which Leikner's prior interest could be satisfied, and, therefore, permitting Burman to avoid the lien would unjustly enrich him. As a result, the Tenth Circuit stated, the lien constituted an equitable lien. Upon determining that the lien was an equitable lien, the Tenth Circuit remanded the case back to the bankruptcy court for further proceedings. Nowhere did the Tenth Circuit actually state that an equitable lien cannot be avoided pursuant to 522(f)(1)(A), as Respondent suggests.

Moreover, even if Respondent's reliance on *Burman* and *Parker* is correct, the Fifth Circuit takes the opposite view—that is, an equitable lien arising from a divorce decree may constitute a judicial lien in bankruptcy. *See In re Parrish*, 7 F.3d 76 (5th Cir. 1993) (affirming bankruptcy court's holding that an equitable lien granted to a former spouse following a divorce proceeding was a judicial lien avoidable under section 522(f)(1)); *In re Levi*, 183 B.R. 468, 471-72 (Bankr. N.D. Tex. 1995) (holding equitable lien constituted a judicial lien as defined in section 101(36)); *In re Norton*, 180 B.R. 168, 169 (Bankr. E.D. Tex. 1995) (holding ex-wife's

equitable lien on Debtor's homestead effected by divorce decree was avoidable under section 522(f)). Based on the clear precedent in this circuit, the court declines to follow the Tenth Circuit cases to the extent that would lead to a different result.

Rather, the court looks to the plain language of the Code. *Lamie v. U.S. Tr.*, 540 U.S. 526 (2004); *see also Butner v. United States*, 440 U.S. 48, 54 (holding state law governs issues of relating to property only when the Code does not directly address it). Section 522(f)(1)(A) governs the avoidance of a "judicial lien." In turn, section 101(36) defines a "judicial lien" as meaning a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36) (2008).

In the instant case, Respondent obtained the Lien through a judgment in a divorce proceeding. The divorce proceeding was "legal or equitable under any definition of those terms." *In re Parrish*, 183 B.R. 468, 472 (Bankr. N.D. Tex. 1995). While the Divorce Court classified the Lien as an "equitable lien," such classification does not preclude the Lien from falling within the Code's definition of a "judicial lien" in section 101(36). *See In re Levi*, 183 B.R. 471-72; *In re Norton*, 180 B.R. at 169. The court therefore concludes that the Lien is a judicial lien pursuant to sections 522(f)(1)(A) and 101(36).

**B. Is the Lien Fixed Against the Debtor's Interest in Property?**

In deciding if the Lien is "fixed" against Debtor's interest in property, the court turns to the Supreme Court's decision in *Farrey v. Sanderfoot*. In *Farrey*, the debtor was awarded the family home pursuant to divorce decree. After filing for chapter 13 bankruptcy relief, the debtor moved to avoid a judicial lien, which was attached to the home and held by his former wife to secure her one-half interest. *Farrey*, 500 U.S. at 292-294. While the Court in *Farrey* refrained from deciding whether the debtor's lien could be avoided, the Court ultimately held that the

MEMORANDUM OPINION – 7

debtor must have "possessed an interest to which a lien attached, before [the lien] attached, to avoid the fixing of the lien on that interest." *Id*. at 301. Texas courts have since construed *Farrey* as prohibiting a debtor from avoiding a judicial lien arising from a divorce if the lien is attached to property previously classified as community property.

Texas courts reason that a judicial lien arising from a divorce cannot attach to property that was community property because, pursuant to Texas law, a divorce extinguishes the community interest and simultaneously creates a fee interest in favor of one former spouse and a judicial lien in favor of the other. *See In re Levi*, 183 B.R. at 472 (citing *In re Finch*, 130 B.R. 753, 756 (S.D. Tex. 1991)). Because the fee interest and the judicial lien are created simultaneously, Texas courts hold that such a lien cannot have become fixed against the debtor's pre-existing interest. *See id*; *In re Herman*, 315 B.R. 381, 398 (Bankr. E.D. Tex. 2004). Conversely, Texas courts construe *Farrey* as permitting the avoidance of a judicial lien arising from a divorce proceeding when such a lien is attached to the debtor's separate property because the debtor's interest in the separate property survived the divorce and preceded the lien. *See In re Parrish*, 7 F.3d 76, 78 (5th Cir. 1993); *In re Norton*, 180 B.R. 168, 169 (Bankr. E.D. Tex. 1995).

The Divorce Decree in this case states that the Property was community property, so any present interest Debtor has in the Property was created by the divorce at the same time as the Lien. Accordingly, the Lien cannot be "fixed" against Debtor's interest in the Property. Because the Lien is not fixed against Debtor's interest in the Property, the court holds that Debtor cannot avoid the Lien under section 522(f)(1)(A).

**C. Does the Lien Secure Domestic Support Obligations?**

Because the court concludes that the Lien is not fixed against Debtor's interest in the Property, the court need not determine whether the Lien secures a "domestic support obligation," as defined by Code § 101(14A). As previously discussed, all four elements of section 522(f)(1)(A) must be met to avoid a judgment lien. *See* 11 U.S.C. § 522(f)(1)(A); 4 COLLIER ON BANKRUPTCY ¶ 522.11 (15th ed. rev. 2007). Given that the court has already determined that one of these elements has not been satisfied, any further inquiry would be superfluous.

### III. Conclusion

In sum, the court holds that the Lien is unavoidable pursuant to section 522(f)(1)(A) because the Lien did not become fixed to Debtor's interest in the Property. Thus, the Motion must be DENIED.

It is so ORDERED.

### END OF MEMORANDUM OPINION ###